Larry K. Hutcher (Admitted *Pro Hac Vice*)
Michael Wexelbaum (Admitted *Pro Hac Vice*)
**DAVIDOFF HUTCHER & CITRON LLP**
605 Third Avenue, 34th Floor
New York, New York 10158
Telephone:    212.557.7200
Facsimile:    212.286.1884
lkh@dhclegal.com
mw@dhclegal.com

Aram Ordubegian (SBN 185142)
Annie Y. Stoops (SBN 286325)
**ARENTFOX SCHIFF LLP**
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013-1065
Telephone:    213.629.7400
Facsimile:    213.629.7401
aram.ordubegian@afslaw.com
annie.stoops@afslaw.com

*Attorneys for Defendants Counsel Financial Services,
LLC and California Attorney Lending II, Inc.*

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| | |
|---|---|
| In re<br>**GIRARDI KEESE**,<br>  Debtor. | Case No. 2:20-bk-21022-BR<br>Chapter 7<br>Adversary No: 2:22-ap-01169-BR |
| **ELISSA D. MILLER**, Chapter 7 Trustee,<br>  Plaintiff,<br>  v.<br>**COUNSEL FINANCIAL SERVICES, LLC**, a Delaware limited liability company, **CALIFORNIA ATTORNEY LENDING II, INC.**, a New York Corporation, **JOSEPH D. DiNARDO**, an individual,<br>  Defendants. | **DECLARATION OF MEGAN PAYNE IN SUPPORT OF DEFENDANTS COUNSEL FINANCIAL SERVICES, LLC'S AND CALIFORNIA ATTORNEY LENDING II, INC.'S MOTION TO DISMISS COMPLAINT**<br><br>*[Motion to Dismiss Complaint and Memorandum of Points and Authorities; Declaration of Paul Cody; and Request for Judicial Notice Filed Concurrently Herewith]*<br><br>Hearing:<br>Date:    December 6, 2022<br>Time:    10:00 a.m. PPT<br>Place:    Courtroom 1668<br>        255 E. Temple Street<br>        Los Angeles, CA 90012 |

## DECLARATION OF MEGAN PAYNE

I, Megan Payne, hereby declare under penalty of perjury pursuant to 28 USC 1746, as follows:

1. I am the Vice President and Assistant Secretary of the defendant Counsel Financial Services, LLC ("CFS"), and am fully familiar with the facts and circumstances hereinafter set forth.

2. I make this Declaration in support of the *Defendants Counsel Financial Services, LLC's and California Attorney Lending II, Inc.'s Motion to Dismiss Complaint*, pursuant to the Federal Rule of Civil Procedure 12(b)(6) and Federal Rule of Bankruptcy Procedure 7012(b), for failure to state a claim upon which relief can be granted.

3. This Declaration supports dismissal of the claims as they pertain to CFS as there is no relationship or privity between CFS and the Debtor. The grounds for the relief sought as they pertain to CAL II are set forth in the Declaration of Paul Cody ("Cody Declaration") submitted herewith. The legal bases for dismissal of the Complaint as to both CFS and co-defendant California Attorney Lending II, Inc. ("CAL II") are set forth in the concurrently-filed Memorandum.

4. A true and correct copy of the Complaint is attached as **Exhibit 1** to the concurrently filed Request for Judicial Notice ("RFJN").

5. The Complaint is brought by the plaintiff Elissa D. Miller in her capacity as the Chapter 7 trustee (the "Trustee" or the "Plaintiff") of the debtor Girardi & Keese d/b/a Girardi Keese ("Girardi Keese" or the "Debtor" or the "Firm") and as the Successor-in-Interest Trustee of the Girardi Keese Client Trust Account.

6. The "substantive" allegations of the Complaint are alleged principally upon information and belief, since the Plaintiff admittedly lacks personal knowledge of a great many, if not most, of the allegations set forth therein. That no doubt accounts for why so many of those allegations are replete with misstatements and untruths. They are also nonsensical, conclusory in nature, and lack the requisite specificity.

7. I shall not address every misstatement and untrue allegation set forth in the Complaint, but rather shall limit my refutation thereof to those incontrovertible facts to the contrary

taken from documents that are referred to in the Complaint or are integral thereto, and that indisputably support the grant of the relief sought by CFS.

8.  The Complaint identifies the named defendants, CFS, CAL II, and the third defendant Joseph D. DiNardo ("DiNardo") collectively as the "CFS Defendants," and refers to them throughout the Complaint as the "CFS Defendants" or simply as "CFS."  It was clearly a deliberate decision to lump the defendants CFS and CAL II together in that fashion since the claims asserted against CFS and CAL II are predicated upon a purported debtor-creditor relationship between Girardi Keese, as borrower, and CAL II and CFS collectively, as lender. (It is my understanding that DiNardo shall be making his own motion to dismiss, and I leave it to him to address the deficiencies in the Complaint as they pertain to him.[1])

9.  However, although Girardi Keese and CAL II had a debtor-creditor relationship arising out of a series of secured loan transactions pursuant to which CAL II loaned substantial monies to Girardi Keese (as addressed in Cody's Declaration), Girardi Keese and CFS had no such relationship, and the Complaint does not adequately allege one.  Alleging conclusorily and without factual support that CFS is somehow tied as a lender to the loans made by CAL II to Girardi Keese is woefully insufficient.  In addition, nowhere in the Complaint is there any allegation that Girardi Keese ever paid any monies to CFS.

10.  The Trustee correctly alleges that CFS is a Delaware limited liability company.  Compl. ¶ 21.  The Trustee also correctly alleges that CAL II is a New York corporation.  Compl. ¶ 22.  However, the Trustee then goes astray and mistakenly alleges, upon information and belief, that "CFS established CAL II as the entity for its California operations."  Compl. ¶ 22.

11.  CFS never made any loans to Girardi Keese and thus there is no lender/borrower relationship between them.  In fact, CFS is not licensed to do business in California as a financial lender, and has never acted in that capacity in California.  This is acknowledged by the Trustee in ¶ 22 of the Complaint, wherein she alleges that CFS established a separate entity "for its California operations."  However, that entity was not CAL II.  It was CFS's affiliated entity, California

---

[1] I do note that the Trustee mistakenly alleges that DiNardo "is one of CFS's owners." Compl. ¶ 7. That is false.

Attorney Lending LLC ("CAL") through which CFS did business in California.  In addition, as is set forth in the Cody Declaration and substantiated by the loan documents referred to therein and attached thereto, the loans to Girardi Keese were made by CAL II, not CAL.

12. The Trustee inaccurately and misleadingly alleges that "CFS … filed a claim in the amount of $8,698,610.00" in the Girardi Keese bankruptcy proceeding.  Compl. ¶ 7.  However, CFS has not filed in its own name any Proof of Claim in the Girardi Keese bankruptcy proceeding.

13. What CFS has filed in the Girardi Keese bankruptcy proceeding is a Proof of Claim in the amount of not less than $8,698,610.03, not in its own name, but rather in its capacity as "Disbursing Agent for Liquidation of Law Offices of Masry and Vititoe."  A true and correct copy of that Proof of Claim is attached as **Exhibit 2** to the RFJN.  That Proof of Claim includes an Addendum to Proof of Claim and Exhibits A-E described in the Addendum.  Exhibit A was supposed to be a true and correct copy of the confirmed Amended Plan and Order Confirming Plan in the Chapter 11 proceeding of the law firm Masry & Vititoe ("M&V"), but what was mistakenly attached thereto was an earlier draft of the Chapter 11 Plan in the M&V Chapter 11 proceeding.  Accordingly, attached as **Exhibit 3** to the RFJN is a true and correct copy of the Amended Plan that was confirmed by the Bankruptcy Court in the M&V Chapter 11 proceeding.

14. As aforesaid, CAL was an entity affiliated with CFS, that was licensed to do business as a financial lender in California.  CAL ceased doing business in 2012.

15. The Trustee erroneously alleges that CAL II was the "largest secured creditor" of M&V.  Compl. ¶¶ 9, 37.  That is completely untrue.  Equally untrue is the allegation that "CAL II provided [M&V] with a $25,000,000 line of credit." Compl. ¶ 37, n. 13.  In making those erroneous allegations, the Trustee mistakenly relies upon Proofs of Claim filed in the M&V Chapter 11 proceeding.

16. In support of her allegation that M&V's "largest secured creditor was CAL II," (Compl. ¶ 9) the Trustee cites to "Claim No. 22 filed in the amount of $25,784,026.11." Compl. ¶ 37.  However, that Proof of Claim 22, a true and correct copy of which is attached as **Exhibit 4** to the RFJN, was an unsecured claim in the sum of $10,000,000.00 filed by a creditor named Paul

Taing, PT Management Inc., PKT Profiles Inc. and PTMS, Inc. That unsecured creditor of M&V is unknown to CFS.

17. In support of her allegation that "CAL II provided [M&V] with a $25,000,000 line of credit," the Trustee cites to "Claim No. 19 1-3." Compl. ¶ 37, n.13. With respect thereto, the Trustee confuses CAL II with CAL. In fact, as is established by the Proofs of Claim referred to below, CAL II had no borrower/lender relationship or any other debtor-creditor relationship with M&V. There were no loan transactions by and between CAL II and M&V. Contrary to the Trustee's allegations, CAL II never filed a Proof of Claim in the M&V Chapter 11 proceeding. However, there was a debtor-creditor relationship between CAL and M&V, and CAL was M&V's largest secured creditor pursuant to a series of secured loan transactions between those two entities. Ultimately, M&V owed CAL in excess of $35,000,000, and CAL (not CAL II) filed three Proofs of Claim in the M&V Chapter 11 proceeding. Those three Proofs of Claim were claims 19-1, 19-2, and 19-3 in the M&V Chapter 11 proceeding, and true and correct copies thereof are attached as **Exhibit 5**, **Exhibit 6**, and **Exhibit 7**, respectively, to the RFJN.

18. A true and correct copy of the Order Approving Disclosure Statement and Confirming Debtor's Chapter 11 Plan in the M&V Chapter 11 proceeding is attached as **Exhibit 8** to the RFJN.

19. A true and correct copy of the Notice of Designation of Disbursing Agent, and the Notice of Transfer of Claim and attached Transfer of Claims in the M&V Chapter 11 proceeding is attached as **Exhibit 9** and **Exhibit 10**, respectively, to the RFJN.

20. The aforesaid documents establish the legitimacy of CFS's filing in this Chapter 7 proceeding of the aforesaid Proof of Claim (**Exhibit 2** attached to the RFJN) in its capacity as the "Disbursing Agent for Liquidation of Law Offices of Masry & Vititoe," as follows:

A. Section II.D.1 of the Amended Plan (**Exhibit 3** attached to the RFJN) provided that "CAL (or its designee) shall serve as the Disbursing Agent under the Plan." The entity identified as "CAL" in the Amended Plan was California Attorney Lending LLC ("CAL"). Thus, the Amended Plan clearly provided that the Disbursing Agent under the Plan was CAL, and that the Trustee's allegation that "CAL II and/or CFS

was to serve as the Disbursing Agent for the confirmed Masry Plan," (Compl. ¶ 38), was wrong. CAL was an affiliate of CFS, and was a lender who had financed M&V and was a first priority secured creditor of that law firm. CAL is not and never has been a parent of CAL II or subsidiary thereof and CAL II is not and never has been a parent or subsidiary of CAL, and these two entities have no common ownership or principals in common. CAL and CAL II are separate and distinct legal entities. The Complaint does not allege otherwise.

B. The Order Approving Disclosure Statement and Confirming Debtor's Chapter 11 Plan (**Exhibit 8** attached to the RFJN) provided in Section F of the Order Confirming Plan that "CAL is appointed the Disbursing Agent under the Plan upon entry of the Confirmation Order. CAL shall serve as Disbursing Agent with the cooperation of the Debtor and the Vititoe parties to facilitate the transfer of cases to Girardi & Keese and manage the client relationships."

C. The Notice of Designation of Disbursing Agent (**Exhibit 9** attached to the RFJN) constituted notice in the M&V Chapter 11 proceeding "that California Attorney Lending LLC ("CAL"), as the appointed Disbursing Agent under the confirmed Amended Chapter 11 Plan of Reorganization/Liquidation of the Law Offices of Masry and Vititoe … hereby designates pursuant to paragraph (D)(1) of the Plan, Counsel Financial Services LLC to serve as the Disbursing Agent," as was permitted under the Amended Plan.

D. The Transfer of Claims, attached to the Notice of Transfer of Claim (**Exhibit 10** attached to the RFJN), had attached as Exhibit 1 thereto a document entitled Evidence of Transfer of Claim and attached thereto as Exhibit 2 a copy of the first page of the Proof of Claim being transferred pursuant thereto.

E. The Transfer of Claims, attached to the Notice of Transfer of Claim (**Exhibit 10** attached to the RFJN), identifies CAL as the Transferor and CFS as the Transferee, and states that "[p]ursuant to the Evidence of Transfer of Claim … between Transferor … and Transferee … attached as Exhibit 1 hereto, Transferor, for good

and valuable consideration, has unconditionally and irrevocably sold, transferred and assigned to Transferee all of its right, title and interest in and to the secured claim of Transferor against the Law Offices of Masry & Vititoe, a professional corporation ('Debtor'), as set forth below of (sic) the Proof of Claim set forth below (sic) (the first page of which Proof of Claim is attached hereto as <u>Exhibit 2</u>.)" That transfer from CAL to CFS was made because CAL was ceasing its business operations in 2012.

F. The Evidence of Transfer of Claim, attached as Exhibit "1" to the Transfer of Claims, which in turn is attached to the Notice of Transfer of Claim (**Exhibit 10** attached to the RFJN), specifically refers to "Claim 19-1, 19-2, and 19-3" in the heading of that document and goes on to state:

> **CALIFORNIA ATTORNEY LENDING LLC**, as assignor (the "**Assignor**"), for good and valuable consideration the receipt and sufficiency of which are hereby acknowledged, does hereby unconditionally and irrevocably sell, transfer and assign to **COUNSEL FINANCIAL SERVICES LLC**, as assignee hereunder (along with its successor and assigns, the "**Assignee**"), its rights, title and interest in all assets of the Law Offices of Masry & Vititoe, a professional corporation ("Debtor"), except the Bank of Whittier certificate of deposit, for the claim amount of $35,803,692.20 (the "**Assigned Claims**") as designated by the claims agent as claim numbers 19-1, 19-2, and 19-3 and set forth in that certain Amended Chapter 11 Bankruptcy Plan that became effective on July 29, 2011 (the "Plan").
>
> * * * * *
>
> Additionally, pursuant to the Plan, Assignor, or its designee, was appointed as the Plan's disbursing agent. CAL, in accordance with Paragraph D(1) of the Plan, designated, effective as of November 2, 2012, Assignor ("CFS") as the disbursing agent.

21. Thus, it is established beyond dispute that although CFS filed a Proof of Claim in the bankruptcy proceeding of Girardi Keese, it did not do so in its own name, but rather only in its capacity as the duly designated Disbursing Agent under the court-approved Amended Plan in the Chapter 11 proceeding of M&V.

22. It is respectfully submitted that the absence of any loan transactions between CFS and Girardi Keese, and the lack of any lender/borrower relationship or any other direct relationship between those entities mandates the dismissal of all of the Trustee's claims against CFS.

I declare under penalty of perjury under 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on this 4th day of November, 2022, in Buffalo, New York.

_____
Megan Payne